UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COOK, | NO. CV 08-835-DSF(CT) |
| Petitioner, | ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION WITH NON-MATERIAL MODIFICATIONS |
| v. | |
| JOHN MARSHALL, Warden, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the court has reviewed the entire file de novo, including the magistrate judge's report and recommendation and petitioner's objections.

In petitioner's objections, he contends that his lack of confirmed job plans does not constitute "some evidence" supporting the Governor's decision denying parole. (Objections at 1-2). However, the Governor did not rely on petitioner's job plans in a vacuum. The evidence of record indicates that prior to committing the conviction offense, petitioner was living with his mother, working only intermittently, engaging in substance abuse, and associating with friends and acquaintances who engaged in criminal activity. (Pet., Ex. A at 15-17; Ex. C [1999 Psychosocial

Assessment] at 3-4; Lodgment 6 at 3-4, 10). This lifestyle led to the circumstances in which petitioner murdered the victim. The Governor considered petitioner's parole plans, which did not include confirmed job plans and did include living with his very elderly mother, in light of this past history. (Pet., Ex. D at 2). Under California law, the Governor may consider all relevant, reliable information, including the circumstances of petitioner's social history, in making a determination as to parole suitability. Cal. Code Regs., tit. 15 § 2402(b). Further, "[c]ircumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability." Id. Petitioner's parole plans constituted "some evidence" supporting the Governor's finding that petitioner's release would present an unreasonable risk of danger to society and, therefore, that petitioner was unsuitable for parole.

Petitioner also contends that the murder he committed meets only the minimum elements of second degree murder. (Objections at 4). Petitioner cites a California case, In re Viray, 161 Cal. App. 4th 1405 (2008), in which the California Court of Appeal found that a murder involving multiple stab wounds did not exceed the minimum elements of second degree murder. 161 Cal. App. 4th at 1418. In that case, Viray was convicted by a jury of second degree murder. The victim had bumped and kicked Viray on a dance floor and Viray, feeling intimidated, stabbed the victim. Id. at 1410. The initial stab was quick and the remaining wounds were inflicted during the ensuing scuffle. Id. at 1418. There was no evidence that a single stab wound was sufficient to kill the victim and, therefore,

"without multiple stab wounds there may have been no murder." <u>Id.</u>

Petitioner also cites <u>In re Weider</u>, 145 Cal. App. 4th 570 (2006), and <u>In re Lee</u>, 143 Cal. App. 4th 1400 (2006), in which the courts found that the second degree murders were not atrocious or especially cruel and callous. In <u>Weider</u>, the distraught petitioner went to confront his ex-wife and her boyfriend at a restaurant and kill himself, but ended up fatally shooting the boyfriend and injuring two others during a struggle with the boyfriend over the gun. 145 Cal. App. 4th at 575-76. In <u>Lee</u>, the petitioner, who was 81 and in poor health at the time of his parole hearing, was convicted of attempted premeditated murder for the non-fatal shooting of a man who was causing petitioner financial hardship by refusing to pay money owed and second degree murder for the killing of the man's wife, who was hit by a bullet intended for the man. 143 Cal. App. 4th at 1404-05. The other cases cited involved first degree murders. <u>See</u> <u>In re Barker</u>, 151 Cal. App. 4th 346, 352-54 (2007)(crimes were committed when petitioner was sixteen and were directed by petitioner's adult friend; petitioner was convicted of first degree murder for killing the friend's grandparent and second degree murder for the friend's lethal shooting of the friend's parents); <u>In re Elkins</u>, 144 Cal. App. 4th 475, 479-81 (2006)(crimes were first degree murder and robbery).

This case is readily distinguishable from the cases petitioner cites. Here, petitioner received a second degree murder conviction as a result of his guilty plea. While at a remote campsite, he shot an unarmed victim, who was "just lying there" and "hadn't actually done anything" four times in the head. (Pet., Ex. A at

12-14). Petitioner stopped to change guns after the first shot. (Id.) There was evidence that one gunshot round possibly entered through the victim's mouth. (Lodgment 6 at 6). Petitioner sat by the victim's body and then left the body at the campsite where it was found two weeks later. (Lodgment 6 at 5). He took the vehicle they were driving and disposed of it behind a market and then lied about his involvement. (Lodgment 6 at 7-8, 10). Although petitioner now claims that the victim threatened to rob petitioner's mother, at the time petitioner did not report any threats and claimed that he could not remember why he killed the victim or if they argued before the killing. (Lodgment 6 at 8). The circumstances of the murder constituted "some evidence" of "exceptional callousness and cruelty with trivial provocation, and thus suggested that [petitioner] remains a danger to public safety." In re Dannenberg, 34 Cal. 4th 1061, 1098 (2005); see also Irons v. Carey, 505 F.3d 846, 853 (9th Cir. 2007)("[G]iven that [Irons'] commitment offense, standing alone, is a sufficient basis for deeming a petitioner unsuitable where, as here, there is some evidence to support a finding that 'the offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering' and the 'motive for the crime is inexplicable or very trivial in relation to the offense,' [citations], we cannot say that the state court unreasonably applied [Superintendent v. Hill, 472 U.S. 445 (1985),]'s 'some evidence' principle [in upholding denial of parole]").

This court concurs with the magistrate judge's report and recommendation in all material respects. However, the court makes

the following modifications, see 28 U.S.C. § 636(b)(1)(C), which are not material to the court's decision:

- At page 4, paragraph 1.a., first line: strike the word "petition" and insert the word "petitioner", at page 4, paragraph 1.c., second line: strike the word "the" before the word "commitment", and at page 4, paragraph 1.d., first line: strike the word "exceed" and insert the word "exceeded";
- At page 6: strike lines 2-6 starting with the word "AEDPA" and insert the following:

    "'[C]learly established Federal law' in § 2254(d)(1) 'refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" Carey v. Musladin, 549 U.S. 70, 127 S.Ct. 649, 653 (2006), quoting Williams v. Taylor, 529 U.S. at 412.;

- At page 7, line 14: strike the word "the" before the word "judgment" and insert the word "that";
- At page 10, line 8: strike the word "The" and insert the word "[T]he", and at page 10, line 22: strike the word "violate[s]" and insert the word "violates";
- At page 13, line 18: insert a comma between the words "heinous" and "atrocious", and at page 15, line 19: insert the word "the" before the word "Board's";
- At page 17, line 16: insert the word "had" after the word "petitioner", and at page 18, line 17: strike the word "plead" and insert the word "pleaded."

Accordingly, IT IS ORDERED:

5

1. The report and recommendation is accepted with the non-material modifications set forth above.

2. Judgment shall be entered consistent with this order.

3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: 6·30·08

DALE S. FISCHER
UNITED STATES DISTRICT JUDGE